UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LYNDA THOMPSON § | |
| § | |
| v. § | CIVIL NO. 4:20-CV-602-SDJ |
| § | |
| GAINESVILLE HOUSING § | |
| AUTHORITY, ET AL. § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 14, 2022, the Magistrate Judge entered the Report, (Dkt. #29), recommending that the Court grant Defendants Gainesville Housing Authority and J.L. Henderson's Motion to Dismiss, (Dkt. #22), and dismiss Plaintiff Lynda Thompson's claims. Thompson filed objections to the Report, (Dkt. #31), and Defendants responded to those objections, (Dkt. #33).

The Court has conducted a de novo review of the objections and the portions of the Report to which Thompson specifically objects. Having done so, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that the objections are without merit as to the ultimate recommendation of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

**I. BACKGROUND**

This case arose from the termination of Thompson's participation in the Section 8 Housing Choice Voucher Program. The Section 8 Program, which is funded

1

by the U.S. Department of Housing and Urban Development ("HUD") and administered by state or local public housing agencies, provides affordable housing assistance. Gainesville Housing Authority ("GHA") is the local public housing agency that operates the Section 8 Program in Gainesville, Texas. Henderson is GHA's Executive Director and held this position at the time of Thompson's termination from the Section 8 Program.

On September 26, 2019, GHA sent Thompson a letter informing her that her voucher would be terminated the following month "[d]ue to a 3rd degree felony charge and conviction." (Dkt. #1-2). Thompson requested a hearing to appeal the termination of her voucher. GHA conducted a hearing, at which Henderson served as the hearing officer. After the hearing, GHA sent Thompson a letter, signed by Henderson, stating: "Pursuant to your hearing with me today, I have reviewed your file and find that the Gainesville Housing Authority Crime Policy will not allow your continued housing assistance. Therefore, your housing assistance will be terminated effective 10/31/19." (Dkt. #1-4).

Thompson subsequently filed this lawsuit, asserting fourteen "claims for relief." (Dkt. #1 ¶¶ 80–146). Invoking 42 U.S.C. § 1983, Thompson alleges that GHA and Henderson, in his official capacity, deprived her of her constitutional right to due process. She also claims that GHA and Henderson violated certain statutory provisions and regulations related to Section 8 housing and failed to reasonably accommodate her alleged disability in violation of the Americans with Disabilities Act ("ADA") and Fair Housing Act ("FHA"). GHA and Henderson moved to dismiss

2

the complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. #22). The Magistrate Judge concluded that Thompson failed to state a plausible claim and recommended that the Court grant the motion. Thompson objected.

## II. LEGAL STANDARD

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days after being served with the report and recommendation. 28 U.S.C. § 636(b)(1)(C). To challenge a magistrate judge's report, a party must specifically identify those findings to which he objects. *See id.* "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). "And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review." *Thompson v. Pruett*, No. 4:21-CV-371, 2022 WL 989461, at *1 (E.D. Tex. Mar. 31, 2022); *see also Nickelson v. Warden*, No. 1:11–CV–334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

### III. DISCUSSION

In the Report, the Magistrate Judge concluded that (1) Thompson's official-capacity claims against Henderson were duplicative of her claims against GHA; (2) Thompson failed to plausibly allege the required elements to state a municipal-liability claim against GHA under Section 1983; (3) no private cause of action exists under the Section 8 program; and (4) Thompson failed to state a failure-to-accommodate claim under the ADA and FHA. Thompson objects to all of these conclusions but the first one.[1] The Court addresses Thompson's objections in turn.

### A. Thompson's First Objection: Municipal Liability

First, Thompson argues that she adequately pleaded a Section 1983 claim against GHA because (1) Henderson's actions constituted official policy of GHA and (2) she alleges that the GHA "Crime Policy" harmed her. (Dkt. #31 at 6–7).

Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston,* 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). The Report correctly concludes that Henderson's challenged actions did not constitute an official policy of GHA. As the Magistrate Judge explained, GHA cannot be held liable for Henderson's actions under a theory of respondeat superior, Henderson's alleged actions do not rise

---

[1] Thompson does not object to the Report's recommendation that the Court dismiss her Section 1983 claim(s) against Henderson, in his official capacity, as duplicative of those against GHA. See (Dkt. #31); (Dkt. #29 at 7–8).

to the level of a policy or custom of GHA, Henderson's role as Executive Director and the hearing officer does not make him a final policymaker, the GHA Board of Commissioners is the relevant policymaker by law, and Thompson has not pleaded that GHA delegated final policymaking authority to Henderson for the purpose of municipal liability. Thompson does not explain why *James v. Dallas Housing Authority*, 526 F. App'x 388, 394–95 (5th Cir. 2013) (per curiam), or any of the other authorities that the Magistrate Judge relied on in the Report, are inapplicable here. This argument is meritless.

As for the second contention, Thompson's complaint does not allege that GHA's crime policy itself was the moving cause of her termination.[2] In fact, the complaint pleads the opposite: "Defendant's termination [of Thompson's voucher] based on the criminal history is in contravention not only of federal regulation but *also inconsistent with its own administrative plan and crime policy*." (Dkt. #1 ¶ 1 (emphasis added)); *see also* (Dkt. #1 ¶ 133 ("GHA's grounds for termination of [Thompson's] voucher were inconsistent with the GHA administrative plan.")). An allegation that Henderson acted *against* GHA's crime policy is not an allegation that the policy itself harmed Thompson. *See Thomas v. Dall. Hous. Auth.*, No. 3:14-CV-4530, 2015 WL 2192785, at *8 (N.D. Tex. May 11, 2015) ("Plaintiff has not alleged that a policy or custom of the DHA has harmed him. Instead, he alleges that the DHA is liable because an

---

[2] Thompson also did not raise the issue of GHA's crime policy in her briefing on Defendants' motion to dismiss. Issues that are not presented to the Magistrate Judge prior to issuance of a report and recommendation generally are waived. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

employee acted 'against' the DHA's policies. Plaintiff therefore cannot state a claim against the DHA . . . ."). This argument is also meritless.

For these reasons, Thompson's first objection is overruled.

**B. Thompson's Second Objection: Private Cause of Action Under Section 8**

Turning to the second objection, Thompson argues that the Magistrate Judge erred in concluding that no private cause of action exists to enforce Section 8's statutory provisions. Specifically, Thompson contends that the cases the Magistrate Judge relied on to reach this conclusion are distinguishable because Thompson is bringing her claims under Section 1983. The Court is not persuaded.

Simply put, Thompson has not identified any authority that Congress intended to grant an individual right enforceable by private parties in Section 8's general provisions (found in Section 1437f), the specific administrative grievance process provision (found in Section 1437d(k)), or in any implementing regulation by HUD under 24 C.F.R. pt. 982. To the contrary, as the Magistrate Judge explained in the Report, there is substantial authority that no such enforceable rights—whether brought under the statute itself or under Section 1983—exist. *See* (Dkt. #29 at 15–17); *see also, e.g.*, *Banks v. Dall. Hous. Auth.*, 271 F.3d 605, 609–611 (5th Cir. 2001); *id.* at 610 n.4 ("We recognize, of course, that the HUD housing quality standards are much more specific than the language of § 1437f(e). But § 1983 safeguards only those rights secured by the 'Constitution and laws,' so the existence of specific HUD regulations should not be relevant to the overriding question whether Congress intended to create a federal right enforceable through § 1983."). Thompson does not meaningfully address these authorities or show they are inapplicable here.

Further, as the Report correctly notes, even if violations of Section 1437d(k) and HUD's implementing regulations could be actionable through Section 1983, Thompson's failure to allege facts showing the required elements of municipal liability is fatal to any claim she has against GHA. Thus, the Court overrules Thompson's second objection.

**C. Thompson's Third Objection: Reasonable Accommodation**

Finally, Thompson objects to the conclusion that she failed to state a plausible failure-to-accommodate claim under the ADA or FHA. Thompson argues that this conclusion is erroneous because she alleged that she "suffers from Mental Illness" and requested that GHA disregard her criminal history for that reason. (Dkt. #31 at 8–9).[3]

Failure-to-accommodate claims under the FHA and ADA are "treated the same." *Oxford House, Inc. v. Browning*, 266 F.Supp.3d 896, 907 (M.D. La. 2017) (quotation omitted). To state a claim for failure to accommodate, Thompson must allege that (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed

---

[3] The Court notes that, although GHA moved to dismiss all claims against it, GHA did not expressly move to dismiss Thompson's failure-to-accommodate claim. *See, e.g.*, (Dkt. #22 at 3 ("GHA is entitled to dismissal of all federal claims asserted directly against it . . . .")). But Thompson did not object to the Report on this basis, and a court may sua sponte dismiss a complaint for failure to state a claim if the plaintiff receives "notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quotation omitted). By virtue of the Report, Thompson had notice of the Court's intent to dismiss her failure-to-accommodate claim, and she in fact responded. *See Starrett v. U.S. Dep't of Def.*, No. 3:18-CV-2851, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) ("The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." (quotation omitted)), *adopted by* 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018).

7

to make reasonable accommodations. *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1032 (5th Cir. 2022). Thompson's claim fails at the first step because Thompson does not adequately plead her qualifying disability. As the Report correctly states, non-specific references to mental illness, without more, are insufficient to state a qualified disability under the FHA or ADA. *See, e.g., Lewis v. Williamson Cnty.*, No. 1:21-CV-074, 2022 WL 2161054, at *7 n.8 (W.D. Tex. June 15, 2022) ("Mental illness can be a qualifying disability . . . *if* it limits one or more major life activities of an individual." (emphasis added)).

Thompson argues the Court can draw a "reasonable inference" of liability, (Dkt. #31 at 8–9), but specific allegations are required for a reasonable accommodation claim to survive a motion to dismiss. *See, e.g., Peña Arita v. Cnty. of Starr*, No. 7:19-CV-288, 2020 WL 5505929, at *8–9 (S.D. Tex. Sept. 11, 2020) ("Plaintiffs' allegations fail to state a [failure-to-accommodate] claim . . . that is plausible on its face because Plaintiffs do not allege an obvious or apparent mental disability and resulting limitations that Defendant failed to accommodate."). Thus, the Court overrules Thompson's third objection.

## IV. CONCLUSION

For the foregoing reasons, Thompson's objections, (Dkt. #31), are **OVERRULED** and the Report and Recommendation of the Magistrate Judge, (Dkt. #29), is **ADOPTED** as the opinion of the Court.

It is therefore **ORDERED** that Defendants Gainesville Housing Authority and J.L. Henderson's Motion to Dismiss, (Dkt. #22), is **GRANTED** and Plaintiff Lynda Thompson's claims are **DISMISSED**.

8

**So ORDERED and SIGNED this 16th day of September, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE